```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**MICHAEL J. PERRY,**

                            **Plaintiff,**

         v.                                                      CASE NO. 19-3266-SAC

**ANDREW PARKS, et al.,**

                            **Defendants.**

<u>**MEMORANDUM AND ORDER**</u>

This matter is before the court on plaintiff's motion to amend the complaint (Doc. 11). Plaintiff is entitled to amend the complaint once as a matter of course. *See* Fed. R. Civ. P. 15(a)(1)(a party has the right to amend the complaint once as a matter of course if the amendment is timely filed). *See* D. Kan. R. 15.1(a)(2)(party filing a motion to amend must attach the proposed pleading).

Plaintiff's amended complaint must be submitted upon court-approved forms. In order to add claims or significant factual allegations, or to change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not an addendum or supplement to the original complaint but completely supersedes it. Therefore, any claims or allegations not presented in the amended complaint are no longer before the court. Plaintiff may not simply refer to an earlier pleading; instead, the complaint must contain all allegations and claims that plaintiff intends to present in the action, including those to be retained from the original complaint. Plaintiff must include the case number of this action on the first page of the amended complaint.

Plaintiff must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff must refer to each defendant in the body of the complaint and must allege specific facts that describe the allegedly unconstitutional acts or omissions by each defendant, including dates, locations, and circumstances.

Plaintiff also must comply with Rules 20 and 18 of the Federal Rules of Civil Procedure in filing an amended complaint. Rule 20 governs permissive joinder of parties and provides, in relevant part:

> (2) Defendants. Persons…may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.
>
> Fed. R. Civ. P. 20(a)(2).

Rule 18(a) governs joinder of claims and provides, in part: "A party asserting a claim … may join ... as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). While joinder is encouraged to promote judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F.Supp. 2d 1210, 1225 (D.Kan. 2001)(citation omitted). *See also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)(Under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").

Requiring adherence to the federal rules on joinder of parties and claims in prisoner suits prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." *Id.* It also prevents a prisoner from avoiding the fee obligations and the three-strike provision of the Prison Litigation Reform Act. *Id*. (Rule 18(a) ensures "that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.").

Accordingly, under Rule 18(a), a plaintiff may bring multiple claims against a single defendant. Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact. He may not bring multiple claims against multiple defendants unless the nexus required in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action.

The Federal Rules authorize the court, on its own initiative at any stage of the litigation, to drop any party and sever any claim. Fed. R. Civ. P. 21; *Nasious v. City & Cnty. of Denver Sheriff's Dept.*, 415 F. App'x 877, 881 (10th Cir. 2011)(to remedy misjoinder, the court has two options: (1) misjoined parties may be dropped or (2) any claims against misjoined parties may be severed and proceeded with separately).

In any amended complaint, plaintiff must set forth the transactions or occurrences which he intends to pursue in accordance

with Rules 18 and 20 and must limit the facts and allegations to properly-joined parties and events. Plaintiff must allege facts in his complaint showing that all counts arise out of the same transaction, occurrence, or series of transactions; and that a question of law or fact common to all named defendants will arise in the action.

Plaintiff must submit an amended complaint that (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim of a federal constitutional violation and states a federal cause of action; and (3) alleges sufficient facts to show personal participation by each defendant.

If plaintiff fails to submit an amended complaint consistent with these directions, the Court will decide this matter upon the current complaint.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion to amend the complaint (Doc. 11) is granted, and plaintiff is granted to and including **November 16, 2020,** to submit the amended complaint. The clerk of the court shall transmit a form pleading to plaintiff.

**IT IS SO ORDERED.**

DATED:  This 15th day of October, 2020, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judg