**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**MICHAEL J. PERRY,**

                     **Plaintiff,**

      v.                                     CASE NO. 19-3266-SAC

**ANDREW PARKS, et al.,**

                       **Defendants.**

**MEMORANDUM AND ORDER TO SHOW CAUSE**

Plaintiff Michael J. Perry, who is detained at Lansing Correctional Facility (LCF) in Lansing, Kansas, filed this pro se civil action pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated by the denial of medical care and medication. He names as defendants LCF Unit Team Manager Andrew Parks; former LCF Warden Ron Baker; Alecia Mc Cullough, Health Service Administrator for Corizon Health; and Michelle Layton, Director of Nursing. The Court has identified several deficiencies in the complaint but will allow Plaintiff the opportunity to file a second amended complaint on court-approved forms that cures the deficiencies.

**I.  Nature of the Matter before the Court**

The following asserted facts are taken from Plaintiff's amended complaint. (Doc. 19.) Plaintiff alleges that he has been prescribed two medications, to be taken twice per day, to manage his epilepsy and lessen the frequency of his seizures. According to

1

Plaintiff, missing doses of the medication increases the scale and frequency of his seizures. As Count I, Plaintiff alleges that he suffered cruel and unusual punishment in violation of the Eighth Amendment when he was denied that medication during a lockdown and was denied medical care for his seizures. Plaintiff asserts that on June 27, 2019, he attended a sick call related to the increasingly frequent seizures he was experiencing. He also contends that he was not allowed to see a medical provider until July 8, 2019 and that at some point, Corizon "ran out of the prescribed seizure medications."

As Count II, Plaintiff asserts that on July 9, 2019, while LCF was in lockdown, "Corizon nurses" refused to give him his medication, after which he suffered a grand mal seizure. LCF Unit Team Manager Thomas saw Plaintiff during the seizure but Defendant Parks refused to let Thomas call a medical condition. As a result, Plaintiff did not receive medical attention during the seizure and suffered bruising to his arms and ribs. As relief, Plaintiff seeks $6,700,000 and an order that his current and future healthcare needs be met by a source other than Corizon.

**II.   Screening Standards**

Because Plaintiff is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from

2

such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). When screening, the Court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's

3

behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

The decisions in *Twombly* and *Erickson* created a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). Under this new standard, courts determine whether a plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *Smith*, 561 F.3d at 1098 (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, at 550 U.S. at 570).

## III. Discussion

### A. Personal Participation by Defendants

An essential element of a § 1983 civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013) ("[I]t is incumbent upon a plaintiff to 'identify *specific* actions taken by *particular* defendants' in order to make out a viable § 1983 . . . claim."). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S.

662, 676 (2009)("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Defendant Parks is the only defendant about whom Plaintiff makes specific factual allegations—that he refused to allow another Unit Team Manager to call a medical condition, which denied Plaintiff medical care during his seizure on July 9, 2019. Plaintiff identifies no specific actions taken by the other defendants. Rather, the complaint uses collective terms such as "Corizon nurses" (Doc. 19, p. 3) and "Corizon medical staff" (Doc. 19, p. 5). Without specific acts attributable to individual defendants, it is "impossible for any of these individuals," as well as the court, "to ascertain what particular unconstitutional acts" each is alleged to have committed." *See Robbins v. Okla.*, 519 F.3d 1242, 1250 (10th Cir. 2008). Thus, even liberally construing the amended complaint and taking all well-pleaded allegations therein as true,

5

Plaintiff has not stated a plausible § 1983 claim against Defendants Baker, McCullough, and Layton.

In addition, as to Defendant Baker, Plaintiff asserts that "[a]s Warden, Mr. Baker was responsible for the care of [LCF} inmates and their medical needs." (Doc. 19, p. 2.) But an official's liability may not be predicated solely upon a theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995). To be held liable under § 1983, a supervisor must have personally participated in the complained-of constitutional deprivation. *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). Thus, this action is subject to dismissal as against Defendant Baker because Defendant Baker is sued based upon his supervisory capacity only.

### B. Deliberate Indifference to Serious Medical Needs

The Eighth Amendment guarantees a prisoner the right to be free from cruel and unusual punishments. The United States Supreme Court has held that an inmate advancing a claim of cruel and unusual punishment based on inadequate provision of medical care must establish "deliberate indifference to serious medical needs."

6

*Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard has two components: "an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that [prison] officials act with a sufficiently culpable state of mind." *Miller v. Glanz*, 948 F.2d 1562, 1569 (10th Cir. 1991); *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005). In the objective analysis, the inmate must show the presence of a "serious medical need," that is "a serious illness or injury." *Estelle*, 429 U.S. at 104, 105; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A serious medical need includes "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980); *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999).

"The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Martinez*, 430 F.3d at 1304 (citing *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)(quotation omitted)). In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 1305 (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996)(quotation omitted)).

The lack of specific allegations involving most of the defendants means that Plaintiff has failed to allege facts that support a plausible claim that the defendants—except Defendant Parks—displayed unconstitutional deliberate indifference to Plaintiff's serious medical needs.

**IV.   Second Amended Complaint Required**

For the reasons stated herein, it appears that this action is subject to dismissal—except for a claim of deliberate indifference to serious medical needs against Defendant Parks—for failure to state a claim. Plaintiff is therefore required to show cause why the claims against Defendants Baker, McCullough, and Layton should not be dismissed. Plaintiff is also given the opportunity to file a complete and proper Second Amended Complaint upon court-approved forms that cures all the deficiencies discussed herein.

In order to add claims, significant fact allegations, or change defendants, Plaintiff must submit a complete second amended complaint. See Fed. R. Civ. P. 15. A second amended complaint is not simply an addendum to the original complaint or the amended complaint; it completely supersedes them. Therefore, any claims or allegations not included in the second amended complaint are no longer before the court. Plaintiff may not simply refer to an earlier pleading, and the second amended complaint must contain all allegations and claims that Plaintiff intends to pursue in this action, including those to be retained from any previous complaint.

8

Plaintiff must write the number of this case (19-3266) at the top of the first page of his second amended complaint. He must name every defendant in the caption of the second amended complaint. *See* Fed. R. Civ. P. 10. He must also refer to each defendant again in the body of the complaint, where he must allege facts describing the specific unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show that each defendant committed a federal constitutional violation.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including November 8, 2021, to show cause, in writing, why his claims against Defendants Baker, McCullough, and Layton should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that on or before November 8, 2021, Plaintiff may file a complete and proper second amended complaint to cure all the deficiencies discussed herein. The clerk is directed to send 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED.**

DATED: This 6th day of October, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge