**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**MICHAEL J. PERRY**,

                **Plaintiff**,

    v.                                    **CASE NO. 19-3266-SAC**

**ANDREW PARKS, et al.**,

                **Defendants**.

**O R D E R**

This matter, a civil rights action filed under 42 U.S.C. § 1983, is before the court on plaintiff's second amended complaint. The complaint names three defendants: Andrew Parks, plaintiff's Unit Team Manager; Ron Baker, the former warden of the Lansing Correctional Facility (LCF); and Alecia McCullough, the Health Care Administrator with Corizon.

The complaint states that plaintiff suffers from epilepsy and takes medication twice a day to control seizures. Plaintiff alleges that in the early morning of July 9, 2019, the D Cellhouse of the LCF was called out for special diets breakfast. However, before plaintiff arrived, the LFC was placed in lockdown. Plaintiff was confined to his cell and was unable to get his medication.

Defendant Parks arrived at the LCF at approximately 7:30 a.m. and was advised that plaintiff had not received his medication. According to plaintiff, a cellhouse officer told him that defendant Parks said that plaintiff was faking and that no calls to medical staff were to be made on his behalf.

Plaintiff states that he later suffered a seizure and was not offered medical assistance, causing him to suffer bruising on his arms

and ribs.

He also claims that defendant Baker failed to properly investigate his grievance and that defendant McCullough told staff to lie and say that all medications were administered.

Plaintiff's claim against defendant Baker is subject to dismissal. It is settled law in the Tenth Circuit that "'there is no independent constitutional right to state administrative grievance procedures.'" *Burnett v. Allbaugh*, 715 Fed. Appx. 848, 852 (10th Cir. Nov. 7, 2017) (citing *Boyd v. Werholtz*, 443 Fed. Appx. 331, 332 (10th Cir. 2011)). Accordingly, plaintiff's allegation that defendant Baker failed to properly investigate his grievance does not state a claim for relief. See *Watson v. Evans*, Case No. 13-cv-3035-EFM, 2014 WL 7246800, at *7 (D. Kan. Dec. 17, 2014) (failure to answer grievances does not violate constitutional rights); *Strope v. Pettis*, No. 03-3383-JAR, 2004 WL 2713084, at *7 (D. Kan. Nov. 23, 2004) (alleged failure to investigate grievances does not state a constitutional violation).

The court finds the proper processing of plaintiff's claim against defendants Parks and McCullough cannot be achieved without additional information from appropriate officials of the LCF. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). *See also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991).

IT IS, THEREFORE, BY THE COURT ORDERED defendant Baker is dismissed from this action.

IT IS FURTHER ORDERED:

(1) Officials responsible for the operation of the LCF are

        directed to undertake a review of the subject matter of the complaint:

        a. To ascertain the facts and circumstances;

        b. To consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint;

        c. To determine whether other like complaints, whether pending in this court or elsewhere, are related to this complaint and should be considered together.

(2) Upon completion of the review, a written report shall be compiled and filed with the court. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report.

(3) Authorization is granted to the officials of the LCF to interview all witnesses having knowledge of the facts, including the plaintiff.

(4) Discovery by plaintiff shall not commence until plaintiff has received the report ordered herein. This action is exempted from the requirements imposed under Fed.R.Civ.P. 26(a) and 26(f).

IT IS FURTHER ORDERED the clerk of the court shall enter the Warden of the LCF as an interested party on the docket for the limited purpose of preparing the *Martinez* report ordered herein. Upon the

filing of that report, the Warden may move for termination from this action.

IT IS FURTHER ORDERED the report shall be filed sixty (60) days from the date of this order. Plaintiff is granted thirty (30) days following the filing of the report to file a response.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

DATED:  This 18th day of February, 2022, at Topeka, Kansas.

                                              S/ Sam A. Crow
                                              SAM A. CROW
                                              U.S. Senior District Judge