IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL J. PERRY,**

    **Plaintiff,**

    v.

**ANDREW PARKS, ET AL.,**

    **Defendants**

Case No. 19-3266-JWL-JPO

## MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff, a prisoner in state custody, proceeds pro se and in forma pauperis. Previously, the court directed the Kansas Department of Correction (KDOC) to prepare a report under *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) and granted plaintiff thirty days after that filing to respond. The court has reviewed the record and enters the following order of dismissal.

### Nature of the Complaint

Plaintiff has been incarcerated in the Lansing Correctional Facility since September 2009. He suffers from epilepsy and takes two medications twice a day to control seizures. He claims that Corizon, the contract healthcare provider for KDOC, was obligated by contract to maintain a 10-day supply of medications but nevertheless ran out of plaintiff's seizure medications. Plaintiff alleges that on June 27, 2019, he notified prison medical staff that he was having more frequent seizures. He complains that on July 9, 2019, Corizon medical staff refused to provide his medication and that a supervisor directed staff to lie and show that all medication was provided.

The complaint states that on July 9, 2019, prisoners housed in plaintiff's cellhouse were called to breakfast but then were told to return to the cellhouse and the facility was placed on lockdown. Plaintiff states that he told a cell house officer that he needed his medication

immediately, and the officer and a unit team member reported this to defendant Parks, his Unit Team Manager, upon his arrival at approximately 7:30 a.m. According to plaintiff, the cell house officer then told him that defendant Parks said that plaintiff was faking and that no one was to respond to him. Plaintiff states that he then told defendant Parks that if staff would not contact the prison clinic, he would declare himself a medical emergency. He states that defendant Parks said there was nothing wrong with him and directed officers not to call the clinic concerning him.

Plaintiff claims he suffered a seizure, that defendant Parks ignored his request, and that as a result he suffered bruising to his arms and ribs. He claims that due to missed doses of medication, he has suffered more frequent and severe seizures and has injured himself and his property. He seeks declaratory relief, damages, and criminal charges against each defendant.

## Discussion

This civil rights action is governed by the Prison Litigation Reform Act (PLRA). The PLRA provides, in part:

> "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

42 U.S.C. § 1997e(a).

The exhaustion requirement "requires prisoners to exhaust prison grievance procedures before filing suit." *Jones v. Bock*, 549 U.S. 199, 202 (2007) (citing 42 U.S.C § 1997e(a)), and it "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The exhaustion requirement "is mandatory, and the district court [is] not authorized to dispense with it." *Beaudry v. Corrections Corp. of Am.*, 331 F.3d 1164, 1167 n. 5 (10th Cir. 2003), *cert. denied*, 540 U.S. 1118 (2004); *Gray v. Sorrels*, 818 F. App'x 787, 789 (10th Cir. 2020) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." (quoting *Jones*, 549 U.S. at 211)). An inmate exhausts remedies by complying with "an agency's deadlines and other critical procedural rules." *Id.* (quoting *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)).

A prison or prison system's regulations define the steps a prisoner must take to meet the exhaustion requirement. *Woodford, id.* "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under [the] PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted).

In Kansas, the governing state administrative regulations require a state prisoner to first seek an informal resolution with personnel who work with the inmate on a daily basis. K.A.R. § 44–15–101(b). If the attempt at an informal resolution is unsuccessful, the inmate must progress through a three-level process that includes submitting a grievance report form to (1) the appropriate unit team member, (2) the warden of the facility, and (3) the office of the secretary of corrections. K.A.R. § 44–15–101(d). The procedure to follow at each level is described in detail in Kan. Admin. Regs. § 44–15–102; *see also Garza v. Correct Care Solutions*, 2011 WL 2580299, at *2 (D. Kan. 2011), *aff'd* 451 F. App'x 775 (10th Cir.) (granting summary judgment for failure to exhaust claims against Correct Care Solutions where plaintiff failed to allege that he sought relief on his claims first through his unit team, then the warden, and finally from the Secretary of Corrections).

3

In this case, the *Martinez* report shows that plaintiff presented his formal grievance to the unit team and appealed to the warden; however, there is no record that plaintiff completed the administrative process by submitting the grievance to the Secretary of KDOC. Plaintiff's response to the *Martinez* report does not contest the conclusion that he failed to meet the exhaustion requirement. Accordingly, the failure to exhaust is grounds for the dismissal of this matter.

In addition, the grievance submitted by plaintiff reads:

> Sir I have frequent epileptic seizures of variable intensities (verifiable). I am required to take 2 medications 2 times every day. This is a serious and at times life threatening condition. Corizon's contract specifies they will 1) maintain stock for 10 business days at time of order and provide medication for serious medical conditions. On June 27th a.m. I had reported an increase of seizure problems.
>
> They have since then run out (completely) of my meds I had to go to a second sick call they didn't get me in to see a provider until July 8th on July 9th a nurse refused to give me my medications after even I was witnessed to having an episode. The nurses have consistently been instructed to not refuse me my medications for seizures as that could endanger my life. Lockdown or not I need my medication. Both David Tatarsky, Director of Health Services and Director of Finances Keith Bradshaw have publicly stated, along with Roger Werholtz, that CORIZON is incompetent and have been fined in excess of 6.7 million dollars for failure to provide. Your staff doesn't even seem to understand your G.O's about chain of command, or conduct nor that is subject and subordinate to their authority and still allow nurses or any CORIZON employees to endanger and kill prisoners. Do I have to contact my lawyers to get my medications because a nurse is too stupid to do her job? By presidential order All honorably discharged vets are to receive the same medical care that they would from the V.A. at the expense of the state! Check my DD form 214.

Doc. 28-2, Grievance AA20190018, date stamped Jul. 10, 2019.

While this grievance presents plaintiff's claim alleging a failure to provide his medications, it does not include any allegation concerning a failure to address a seizure that occurred in plaintiff's cell or any physical injury or property damage plaintiff sustained in such an incident. Therefore, those claims are subject to dismissal on this ground as well.

**Conclusion**

For the reasons set forth, the court finds this matter must be dismissed due to plaintiff's failure to satisfy the exhaustion requirement.

THE COURT THEREFORE ORDERS that this matter is dismissed.

IT IS SO ORDERED.

Dated: October 26, 2022	/s/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE